## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**WALTER MORROW, JR.**
**HORCELIA MORROW**                                                                              **PLAINTIFFS**

v.                               Case No. 3:21-cv-00135-JM

**DEBBIE FINCH, Property Manager;**
**KEN FINCH, Property Manager;**
**SOUTHARD FAMILY JL FAMILY TRUST,**
**Owners**                                                                                        **DEFENDANTS**

## ORDER

Plaintiffs Walter and Horcelia Morrow's joint motion to proceed *in forma pauperis* is granted. They report little income and few assets. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). Plaintiffs contend that Mr. Morrow was injured due to the lack of a handicapped entry on the property they rent from Defendants. (Doc. 2) Mr. Morrow requires surgery as a result of his injury. (*Id*.). Plaintiffs allege Defendants negligently maintained their property in violation of the Americans with Disabilities Act (ADA, 42 U.S.C. § 12101 *et seq*., and seek $50,000 in damages and the return of their rental payments for 2020-2021. (Doc. 2)

Federal courts are courts of limited jurisdiction. This Court only has jurisdiction (meaning the authority) to hear certain kinds of cases. This is called subject-matter jurisdiction. Cases over which federal courts do not have subject-matter jurisdiction must be dismissed. FED. R. CIV. P. 12(h)(3). There are two basic types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. Neither exists here. So this case must be dismissed.

As a general matter, diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiffs' allegation of $50,000 in damages, even including possible rent, does not meet the amount in controversy requirement. Further, Plaintiffs have not alleged that diversity of citizenship exists. All of the parties appear to be Arkansas residents. Accordingly, there is no diversity jurisdiction on which this Court can hear this case.

Jurisdiction may still exist if Plaintiffs have raised a federal question – that is, if the case arises "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The Plaintiffs raise a state law negligence claim but attempt to do so in relation to a potential ADA claim.

Title III of the ADA, § 12182(a) provides that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). Although certain private entities are considered public accommodations for the purposes of the ADA, such as "an inn, hotel, motel, or other place of lodging . . . ," 42 U.S.C. § 12181(7), "residential facilities" such as apartments and duplexes are not considered "public accommodations" as defined by the ADA and, thus, are not covered by the ADA. *See Bolar v. Hunter*, 2017 WL 1740183 (D. Neb. May 4, 2017) (unpublished) (citing *Lancaster v. Phillips Invs., LLC*, 482 F. Supp.2d 1362, 1366–67 (M.D. Ala. 2007) (landlord of apartment complex entitled to summary judgment on Plaintiff's ADA claim because "Title III of the ADA does not apply to residential facilities" such as apartments and condominiums) (citing cases). Plaintiffs' ADA allegations relate to their rental of a private residence; therefore they

have not stated a federal claim upon which this Court can exercise jurisdiction. Moreover, even if Plaintiffs had stated a Title III claim under the ADA, money damages would not be recoverable. *See* 42 U.S.C. § 12188(a) (unless enforced by Attorney General, only remedy for violation of Title III of ADA is injunctive relief); *Stebbins v. Leg. Aid of Arkansas*, 512 Fed. App'x 662, 663 (8th Cir. 2013) (unpublished).

    The Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED this 21st day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE